CRANE & AL. vs. MARSHAL.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. The plaintiffs state that they are heirs at law of the late Susanna B. Marshal, that she died in the parish of Rapides, leaving a large property to which they are entitled; but that the defendant, setting up a title under a will, executed by the said Susanna, has taken possession of all her estate and refuses to deliver it up.

The defendant pleads title in virtue of the will referred to in the petition, and avers that he has always been ready to give up to one of the daughters of Crane, two slaves, to whom she is entitled as legatee under the testament.

The first objection made to the plaintiffs' right of recovery in this action is, that the district court had not jurisdiction; that it belonged exclusively to the court of probates.

We are of opinion that this objection is not well taken. The act establishing the district court gives it power to try all civil cases originating in the parish where it sits, and this is one of that description. The act of the legislature to which we are referred, if it give to

*The district court has jurisdiction of a suit where the heirs at law claim the whole estate from a person they allege has no title to it.*

*The defendant cannot attack the title under which he claims.*

*Where a will is witnessed at intervals of time and there are alterations made in the testament between the first and last attestation, it is void.*

West'n District
Sept. 1823.

CRANE & AL.
vs.
MARSHAL.

the court of probates jurisdiction of a case of this kind, does not confer it exclusively—*Acts of* 1820, 92.

The case of *Vignaud* vs. *Tonnacourt*, 12 *Martin*, 229, was decided on the provisions of the Civil Code, enacted anterior to the establishment of our present judiciary system, and from a conviction that it was a matter of necessity that one tribunal should determine, and classify the claims, which a vacant estate or one accepted with the benefit of an inventory might owe.

The second objection is, that the defendant has shown an outstanding title in a third party. This we think he cannot do, as he claims under the same person as the plaintiffs. To suffer it would be permitting him to contradict his own admission. The question at issue on the pleadings was—who had the best title under Susanna Marshall, not whether she had a good title.

The will is clearly defective. It was not attested by the witnesses at one time; some of them affixed their names to it at night, and some the succeeding day. Between the period when the first and the last signed, alterations were made in the instrument; so that

there were not five witnesses to the *last will*. It was not *presented* by the testatrix to two of the witnesses, nor was there any thing passed between her and them, which was equivalent to a presentation—*Civ Code*, 228, *art.* 96; *Bouthenry* vs. *Dreux*, 12 *Martin*, 639.

It is therefore ordered, adjudged and decreed that the judgment of the district court, be affirmed with costs.

*Thomas* and *Wilson* for the plaintiffs, *Scott* and *Baldwin* for the defendant.